UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAMIN KOHANBASH,<br>        Defendant. | Criminal Case No. 19-55-WES |

**PRELIMINARY ORDER OF FORFEITURE**

On May 20, 2019, an Information was filed in the District of Rhode Island, charging the Defendant, RAMIN KOHANBASH ("Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371 (Count One) and Trafficking in Counterfeit Goods, in violation of 18 U.S.C. 2320 (Count Two).

The Information in this matter includes a forfeiture allegation that states that in the event the Defendant is convicted of Counts One and Two of the Information, Defendant shall forfeit to the United States (the "Government"), pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (D), 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to the following:

    a. one lot of $24,105.00 in U.S. currency;

    b. over 1,700 boxes of counterfeit military uniforms and gear; and

    c. contents of container #CMAU4579981 including 792 multi-color ponchos with Zipper L306Z; 2,736 Multi-Color Poncho No Zipper 307; 1,200 Cameo Poncho No Zipper 301; 660 Army Gloves; and 1,200 Military Style Fleece

Jackets

together, all property described in this paragraph and its subparts is referred to as the "Subject Property".

In addition to the Defendant agreement to consent to the entry of an order of forfeiture against the Subject Property, based on the Defendant's admissions in the written plea agreement and his guilty plea on June 12, 2019, the United States is also entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $20,000,000.00 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (D), and 28 U.S.C. § 2461(c), as the amount of $20,000,000.00 in United States currency constitutes proceeds the Defendant obtained a result of violations of 18 U.S.C. §§ 371 & 2320.

The Government and Defendant have agreed, as set forth in the Plea Agreement filed on May 20, 2019 that the Subject Property is subject to forfeiture as a matter of law and that there exist factual grounds sufficient to support forfeiture of the Subject Property and entry of the Money Judgment. Defendant has pleaded guilty to Counts One and Two of the Information. Defendant has consented to forfeiture of the Subject Property and entry of the Money Judgment.

Based on the above, the Court finds that the Subject Property was involved in or used in violation of 18 U.S.C. §§ 371 & 2320 and is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (D), 18 U.S.C. § 2323 and 28 U.S.C. § 2461(c).

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that pursuant to 21 U.S.C. § 853 (as incorporated by 28 U.S.C. § 2461(c)), any and all right, title, and

interest of Defendant in or to the Subject Property is hereby forfeited to the Government.

It is further ORDERED, ADJUDGED, and DECREED that:

1. the Attorney General or his or her designee may seize the Subject Property in accordance with law pursuant to Fed. R. Crim. P. 32.2(b)(3);

2. pursuant to 21 U.S.C. § 853(n), the Government shall publish notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier;

3. the notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property and any additional facts supporting the petitioner's claim and relief sought;

4. the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property, as a substitute for published notice as to those person so notified; and

5. upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Ordered this  1  day of   December  , 2021.

ENTER:

_____
Judge William E. Smith
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 19-55-WES |
| RAMIN KOHANBASH, | |
| Defendant. | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

WHEREAS, on May 20, 2019, an Information was filed in the District of Rhode Island, charging the Defendant, RAMIN KOHANBASH (the "Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371 (Count One) and Trafficking in Counterfeit Goods, in violation of 18 U.S.C. 2320 (Count Two); and

WHEREAS, the Information contained, *inter alia*, a forfeiture allegation, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 18 U.S.C. § 2461(c), which provided notice that the United States would seek, upon Defendant's conviction of Counts One and Two, of a Forfeiture Money Judgment in the amount of $20,000,000.00, which amount constitutes or is derived from proceeds traceable to the offenses; and

WHEREAS, on June 12, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement signed by the Defendant on May 20,

1

2019; and

WHEREAS, additionally, in Section (1)(g) of the plea agreement, the Defendant agreed to consent to the entry of an Order of Forfeiture (Money Judgment) in the amount of $20,000,000; and

WHEREAS, based on the Defendant's guilty plea and admissions in the plea agreement, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $20,000,000.00 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (D), 28 U.S.C. § 2461(c); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED:

1. A personal money judgment is granted in favor of the United States and against the Defendant in the amount of $20,000,000.00 in United States currency, and accordingly the Defendant shall forfeit to the United States the sum of $20,000,000.00 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (D), 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having

a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the criminal judgment entered by this Court against the Defendant.

Ordered this __1__ day of __December__, 2021.

ENTER:

___/s/ Wesmin___

Judge William E. Smith
United States District Judge

3